## WOOD v. PERRY.

The complainants purchased of T. distinct portions in severalty, of a lot of land, by contracts, providing for their conveyance, at a future day. T. was in possession under a like contract from the defendant, who was seized of the land. Another contract had been given by the defendant to M. and he refused to convey to the complainants, except subject thereto. Thereupon one of them, W., in behalf of the whole, and for their protection, bought M.'s contract. The defendant then ejected the complainants severally, and they exhibited their bill against him, praying for an injunction and a conveyance of the land to W. for their benefit. *Held*, on demurrer, that there was no misjoinder of complainants, but that T. was a necessary party to the suit.

　Auburn, October, 1843.

THE defendant in 1824, being seized of lot No. 37 in Galen, Wayne county, then wild and uncultivated, contracted to sell it to Royal Torrey, who thereupon entered into the possession of the lot, built a house and made other improvements. Torrey having paid but little towards the purchase money, and that irregularly, the defendant in 1834, executed a contract for the sale of the lot to one Mallory, who took possession. Mallory paid nothing on his purchase, and very soon after he entered, relinquished the possession to a tenant of Torrey's. In 1835, the defendant executed to Torrey who was then in possession, a new contract for the sale of the lot to him, the payments, to be made at a future day. He continued in possession, making a few small payments, but not in accordance with the terms of the contract, until he sold to the complainants.

In 1838, 1840 and 1841, Torrey contracted to sell distinct portions of the lot to the respective complainants in severalty, and they severally took possession of such portions. There still remained a portion of the lot unsold by Torrey, of which Wood, one of the complainants also took the charge and possession in behalf of Torrey. The defendant had assented to the contracts made by Torrey with the complainants respectively ; but he still owned the lot in fee, and had received only a small part of its price.

The complainants continued in possession, making permanent improvements. In 1842, on their applying to the defendant to

have their respective parcels conveyed to them, on their paying the stipulated price ; he informed them that they must come in under the contract which he had given to Mallory, and he would not convey to them except subject to that contract.

It turned out that Mallory had assigned his agreement to one Leonard, the day after he gave up the possession to Torrey. On being refused a clear deed by the defendant, Wood looked up Mallory's contract, purchased it, and procured it to be assigned to himself, in order to protect all the complainants, himself included. He then tendered the amount due by the terms of that agreement, and demanded a deed of the lot. The defendant refused to execute the deed, and soon after commenced actions of ejectment against the several complainants. Whereupon they filed their bill stating the foregoing facts, and praying that the ejectments might be enjoined, and that the defendant should perform his contract with Mallory, and convey all the lands to Wood for their benefit. The defendant demurred to the bill, for want of equity, for the misjoinder of complainants, and because Torrey was not made a party.

*L. Walker*, for the defendant, in support of the demurrer.

*W. H. Seward*, for the complainants.

THE ASSISTANT VICE-CHANCELLOR.—If the bill rested upon the defendant's contract with Torrey alone, the objection of misjoinder of complainants would be fatal ; for there would be neither a joint or a common interest in the subject matter of the suit. But the Mallory contract, and the defendant's recognition of it and his reference to it as outstanding, have led to a different state of things. The purchase and transfer of that contract, having been made to Wood for the *protection*, and thus for the benefit of all the complainants, they have a common interest in enforcing it against the defendant, which will justify their uniting together in this bill. (See Story's Eq. Pl. 233, § 285. *The Attorney General* v. *Heelis*, 2 Sim. & St. 67.) The demurrer on the ground of misjoinder of parties, is therefore not well taken.

In regard to the omission to make Torrey a defendant in the

suit, I do not perceive how the complainants are to proceed without bringing him in. Although as to the defendant, they may be entitled to insist upon the fulfilment of Mallory's contract, yet they entered into possession as purchasers from Torrey; and their statement shows that he has done nothing to forfeit his claims upon them. A conveyance of the whole premises from the defendant to Wood, under Mallory's contract, might overreach and cut off the rights of Torrey in the land. And in reference to the defendant's dealing with the land, it is proper, and perhaps he can claim, that the contract with Torrey should be disposed of in this litigation founded upon the other contract, inasmuch as the decree may deprive him of the power of conveying to Torrey. The demurrer for this cause must be allowed with costs. The complainants may amend their bill within twenty days, on payment of costs, and on their so doing, the injunction will be permitted to stand. If they omit to amend, the bill will be dismissed with costs, but without prejudice to the equitable rights of all or any of the complainants.